# United States Bankruptcy Court
## Southern District Of New York

| | | |
|---|---|---|
| In re Franco Mariani and Patricia Mariani, | ) | Case No.  14-11878-alg |
| Debtor | ) | |
| | | |
| Fort Schuyler House, Inc. | ) | Chapter    13 |
| | ) | |
| | ) | |
| | | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. |
| | ) | |
| Franco Mariani and Patricia | ) | |
| Mariani, | | |
| Defendants. | ) | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

        Address of the clerk:  One Bowling Green
                               New York, New York 10004

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

        Name and Address of Plaintiff's Attorney:
        Mario DeMarco, Esq.
        The Law Offices of Mario DeMarco, P.C.
        1 Gateway Plaza, Suite 2A
        Port Chester, New York 10573

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                               _____ (Clerk of the Bankruptcy Court)

Date: _____        By:  _____ (Deputy Clerk)

**THE LAW OFFICES OF MARIO DEMARCO, P.C.**
**MARIO DEMARCO, ESQ.**
**1 GATEWAY PLAZA, SUITE 2A**
**PORT CHESTER NEW YORK 10573**
**PHONE:    (914) 937-2213**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re: Franco Mariani and<br>Patricia Mariani | ) | Case No.: 14-11878-alg |
| | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| FORT SCHUYLER HOUSE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adv.Proc.No.: |
| | ) | |
| -against- | ) | Jury Trial Demanded |
| | ) | |
| FRANCO MARIANI AND PATRICIA MARIANI, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO DENY DISCHARGE**

Plaintiff, Fort Schulyer House, Inc., by the undersigned counsel, states under penalty of perjury:

1.  This court has jurisdiction under 11 U.S.C. § 523 and 28. U.S.C. §1334.

2.  This adversary proceeding relates to this case under Chapter 13 of the Bankruptcy Code, now pending in this Court.

3.  This is an adversary proceeding to determine the dischargeability of a debt pursuant to Bankruptcy Rules 4007 and 7001(6).

4.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

5. Plaintiff is a creditor in the afore-mentioned bankruptcy case, having a claim with an outstanding balance in the amount of $30,000.00 plus interest and costs.

## FIRST CAUSE OF ACTION

6. On November 22, 2006, debtor Franco Mariani, with the intent to deceive and defraud plaintiff, signed a written contract where he and his company were to perform extensive sidewalk repair work for plaintiff.

7. Upon information and belief, defendant made false representations to plaintiff that said work would be completed for the sum of $30,000.00.

8. That at the time the afore-mentioned representations were made by defendant, defendant knew said representations were false and that the work would not be completed under the terms of the contract.

9. Upon information and belief, defendant represented to plaintiff that he would perform the agreed upon work for the purposes of deceiving plaintiff, and in order to obtain the $30,000.00 fee.

10. That plaintiff justifiably relied on defendants' assertions that the work enumerated in the aforementioned contract would be satisfactorily completed by defendant.

11. That because of defendants' fraudulent misrepresentations that he was going to perform the agreed upon work and failed to do so, plaintiff was injured.

12. Upon information and belief, plaintiff paid debtor the sum of $30,000.00 to complete the contracted for work in reasonable reliance of debtor's assertions that said work would be completed.

13. Defendant personally signed both checks given to him by plaintiff totaling $30,000.00.

14. Upon information and belief, despite due demand, defendant refused, failed, or neglected to perform the agreed upon services, despite being paid in full.

15. Upon information and belief, defendant never returned any portion of the $30,000.00 paid him by plaintiff to complete the work enumerated in the afore-mentioned contract.

16. As a result of the above stated behavior, plaintiff initiated a civil law suit in Bronx Supreme Court under Index Number 301626/09 alleging causes of action based upon breach of contract, unjust enrichment and fraud.

17. Upon information and belief, and at all times hereinafter mentioned, defendant engaged in a scheme to utilize the name of various corporations and misrepresented the ability of said corporations to perform its obligations under agreements and misrepresented his capacity to perform the work enumerated in the contract, only for the purpose of obtaining the payment of $30,000.00, with no intention of ever completing the work or providing any benefit to Plaintiff.

18. Upon information and belief, and at all times hereinafter mentioned, defendant acted in his individual capacity to fraudulently misrepresent to the plaintiff that he had the intentions, capability and desire to perform the agreed upon work for the sole purpose of obtaining an "upfront" payment from plaintiff, knowing all the while that his statements were false and that he never intended to complete said work.

19. That notwithstanding the representations, defendant proceeded to convert the monies paid for the sidewalk repair work, to money for his own personal use without ever completing the agreed upon work.

20. The representation that defendant would complete such work was made with the intent to deceive plaintiff to believe that the work would be performed pursuant to the terms in the contract.

21. That plaintiff justifiably relied upon plaintiff's assertions that the contracted work would be performed.

22. That on or about June 24, 2014, defendants filed a Chapter 13 Voluntary Petition and listed plaintiff as an unsecured creditor in their Schedule F. *See* Voluntary Petition, Schedule F.

23. Upon information and belief, the aforementioned debt is not dischargeable pursuant to 11 U.S.C.A. § 523(a)(2)(A).

## SECOND CAUSE OF ACTION

24. Plaintiff repeats, realleges and reiterates the statements made in paragraphs one (1) through twenty-three (23) as if fully set forth herein.

25. That debtors have acted in bad faith in their filing of the aforementioned Voluntary Petition and cannot demonstrate a sound and proper motive for seeking Chapter 13 protection.

26. That defendants' bankruptcy filing was precipitated by their knowledge that the aforementioned civil matter in Supreme Court, Bronx County was approaching trial.

27. That said bankruptcy filing was made almost immediately after defendant's examination before trial in the above mentioned civil case was completed.

28. That just as the aforementioned civil lawsuit was approaching a trial, defendants filed the instant Chapter 13 Voluntary Petition which created a stay of the civil action.

29. That the plan filed by debtors was not made in good faith as required under 11 U.S.C.A. §1325.

WHEREFORE, plaintiff prays for an Order determining said debt to be nondischargeable and for a judgment against the debtors in the sum of $30,000.00 together with interest from December 31, 2006, costs, attorney's fees and for such other and further relief as this Court deems just and proper.

LAW OFFFICE OF MARIO DEMARCO, PC
/s/ Mario DeMarco, Esq._____
Mario DeMarco, Esq.
1 Gateway Plaza, Suite 2A
Port Chester, New York 10573
(914) 937-2213